IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janice McMullen Jones, | ) | C/A No. 0:20-3489-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Pastor Diana Cherry, *From the Heart Church* | ) | |
| *Ministry*; Pastor John Hagee, *Cornerstone* | ) | |
| *Church*; Pastor Joel Osteen, *Lakewood* | ) | **ORDER AND** |
| *Church*; Bishop Noel Jones, *Noel Jones* | ) | **REPORT AND RECOMMENDATION** |
| *Ministries*; Pastor Jimmy Swaggart, *Family* | ) | |
| *Worship Center*; Bishop Paul Morton, | ) | |
| *Greater St Stephen Ministry*; Pastor Jentzen | ) | |
| Franklin, *Free Chapel*; Pastor Greg Laurie, | ) | |
| *Harvest Christian Fellowship*; Bishop Claude | ) | |
| Alexander Jr, *The Park Church*; Pastor Robert | ) | |
| Morris, *Gateway Church*; Pastor Brian | ) | |
| Houston, *Hillsong Church*; Pastor Wayne | ) | |
| Corderio, *New Hope Christian Fellowship* | ) | |
| *Ministry*; Prophet Rick Joyner, *Morningstar* | ) | |
| *Ministries*; Pastor John Gray, *Relentless* | ) | |
| *Church*; Pastor Ron Carpenter, *Redemption* | ) | |
| *Church*; Bishop T D Jakes, *The Potter's* | ) | |
| *Touch*; Kenneth Hagin, *RHEMA Bible* | ) | |
| *Church*; James Mc Donald, *Harvest Bible* | ) | |
| *Chapel*; Pastor Creflo Dollar, *World* | ) | |
| *Changers Ministry International*; Pastor Taffi | ) | |
| Dollar, *World Changers Ministry* | ) | |
| *International*, Debra Morton, *Greater St* | ) | |
| *Stephen Full Gospel* | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Janice McMullen Jones, proceeding *pro se*, brings this civil action.  Plaintiff files

this action *in forma pauperis* under 28 U.S.C. § 1915.[1]  This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed the Complaint

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* is granted.  (ECF No. 3.)

in accordance with applicable law, the court concludes this matter should be summarily dismissed without prejudice and issuance and service of process.

## I.     Factual and Procedural Background

Plaintiff previously filed a case in this court wherein she claimed that she entered into "covenant agreements" with various pastors to preach and teach in their churches for compensation.  Jones v. Cherry, C/A No. 0:20-1876-JFA.  She claimed the pastors, whom she named as defendants, breached those agreements, but Plaintiff gave no other detail about the purported breaches.  Plaintiff asked the court to order that new dates be scheduled to teach and preach at the defendants' churches and to be compensated with damages.  The court summarily dismissed that action for lack of subject matter jurisdiction.

Plaintiff now files this civil action against mostly the same defendants on a standard complaint form for *pro se* civil cases.  However, the form complaint contains almost no facts or information outside of the list of defendants.  Plaintiff indicates the basis for the court's jurisdiction is race, sex, and age discrimination as to Defendants Joyner and Gray.  Otherwise, Plaintiff lists the relief she seeks as "depending" and writes nothing else of substance on the form.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which

relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The court concludes that it lacks subject matter jurisdiction over this matter because it is duplicative of Plaintiff's other case that was recently dismissed for lack of subject matter jurisdiction. Plaintiff provides much less information in this matter than the previous case, but she lists nearly all of the same defendants and she only filed this matter after the judgment was issued in her previous case. Therefore, this matter should be dismissed as duplicative and frivolous. See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 1158, 1158 (8th Cir. 1992)); see also Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[B]ecause a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.").

Alternatively, to the extent Plaintiff intends the instant matter to seek redress against the defendants on bases different than those raised in the previous lawsuit, the court concludes that Plaintiff's failure to provide any facts, assert any causes of action, or specify any relief fails to

establish that the court has subject matter jurisdiction over this matter.  See Fed. R. Civ. P. 8(a)(1) (requiring the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"); Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."); see also In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (requiring the court to *sua sponte* determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appear").  Plaintiff lists the basis of the court's jurisdiction as race, sex, and age discrimination as to Defendants Joyner and Gray, but conclusory statements without supporting facts or citation to specific legal precedent establishing a cause of action to be pursued fails to adequately establish federal question jurisdiction under Rule 8.  See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).  Consequently, even if this case is not duplicative of Plaintiff's previous lawsuit, Plaintiff's Complaint fails to invoke the court's subject matter jurisdiction.

## III.   Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

December 1, 2020                                        Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).