IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice McMullen Jones, <br><br>          Plaintiff, <br><br> v. <br><br> Pastor Diana Cherry, *From the Heart Church Ministry*; Pastor John Hagee, *Cornerstone Church*; Pastor Joel Osteen, *Lakewood Church*; Bishop Noel Jones, *Noel Jones Ministries*; Pastor Jimmy Swaggart, *Family Worship Center*; Bishop Paul Morton, *Greater St Stephen Ministry*; Pastor Jentzen Franklin, *Free Chapel*; Pastor Greg Laurie, *Harvest Christian Fellowship*; Bishop Claude Alexander Jr, *The Park Church*; Pastor Robert Morris, *Gateway Church*; Pastor Brian Houston, *Hillsong Church*; Pastor Wayne Corderio, *New Hope Christian Fellowship Ministry*; Prophet Rick Joyner, *Morningstar Ministries*; Pastor John Gray, *Relentless Church*; Pastor Ron Carpenter, *Redemption Church*; Bishop T D Jakes, *The Potter's Touch*; Kenneth Hagin, *RHEMA Bible Church*; James Mc Donald, *Harvest Bible Chapel*; Pastor Creflo Dollar, *World Changers Ministry International*; Pastor Taffi Dollar, *World Changers Ministry International*, Debra Morton, *Greater St. Stephen Full Gospel*, <br><br>          Defendants. | C/A No. 0:20-cv-3489-JFA-PJG <br><br><br> **ORDER** |

### I.     INTRODUCTION

Plaintiff, Janice McMullen Jones, proceeding *pro se*, brings this civil action *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to the Magistrate Judge for initial review.

After reviewing the Complaint (ECF No. 1), the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 16). Within the Report, the Magistrate Judge recommends that this matter be dismissed for lack of subject matter jurisdiction. The Magistrate Judge also concluded that this matter should be dismissed as duplicative and frivolous. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on December 9 and 11, 2020. (ECF Nos. 21 & 22). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017)

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

(citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.     DISCUSSION

Although Plaintiff submitted over 200 pages in response to the Report, she has failed to present arguments that could be considered specific objections to the Report even when liberally construed. Nowhere in the voluminous pages of handwritten response does the Plaintiff reference, cite, or object to any specific portion of the Report. Instead, these filings simply contain a plea that this court enforce contracts the she avers were entered into with Defendants. Plaintiff completely fails to acknowledge the Report's conclusion that this court lacks subject matter jurisdiction, let alone offer any reasonable objections.

Accordingly, Plaintiff has failed to offer specific objections to the Report. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed

to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

### IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 16). Consequently, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

December 14, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge